UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

MMG Insurance Company

v. Case No. 25-cv-035-SE
Opinion No. 2026 DNH 139

TGX Corp., et al.

**O R D E R**

MMG Insurance Company brought this action against TGX Corporation, Thomas Giusto, and Gregg Saunders, seeking a declaratory judgment that MMG has no obligations to provide insurance coverage under TGX's policy for a Hyundai excavator that was destroyed by a fire. The clerk entered default against Giusto on April 22, 2025. Doc. no. 9. Saunders, who is not an attorney, filed a motion to dismiss on behalf of TGX. Doc. no. 18. The court denied the motion to dismiss without prejudice pursuant to Local Rule 83.6(c) and First Circuit caselaw, see Instituto de Educacion Universal Corp. v. U.S. Dep't of Educ., 209 F.3d 18, 22 (1st Cir. 2000), which provide that a corporation may not appear in an action pro se and a non-lawyer may not represent a corporation. Doc. no. 21. As a result, the court required counsel representing TGX to file an appearance within 21 days of the order or the court would enter default. No counsel appeared for TGX by the stated deadline and the court entered default as to TGX. Id.

MMG moves for summary judgment, seeking declarations that 1) the defendants' actions have excluded coverage for any claims regarding the Hyundai excavator, 2) it is within MMG's rights under New Hampshire law and the language of the policy to void all coverage under the policy, and 3) Saunders in both his individual capacity and as owner of TGX is not pursuing a claim under the policy. Doc no. 20. No defendants filed an objection. Because default has been entered as to both TGX and Giusto, the summary judgment motion, and thus this order, pertains

only to Saunders, though the court addresses the entirety of MMG's claim for the sake of completeness.

## Standard of Review

Granting summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A material fact is one that "carries with it the potential to affect the outcome of the suit." French v. Merrill, 15 F.4th 116, 123 (1st Cir. 2021) (quotation omitted). A material fact is in genuine dispute if "a reasonable jury could resolve the point in the favor of the non-moving party." Id. In considering the evidence, the court must draw all reasonable inferences in the nonmoving party's favor. Theriault v. Genesis HealthCare LLC, 890 F.3d 342, 348 (1st Cir. 2018).

## Background

MMG's motion for summary judgment is unopposed. In addition, MMG served requests for admission on Saunders, to which he never replied. As a result, the properly supported material facts set forth in MMG's motion and MMG's requests are deemed admitted. See LR 56.1(b) (summary judgment motion); Fed. R. Civ. P. 36(a)(3) (requests for admission).

TGX is a corporation incorporated in and having its principal place of business in New Hampshire. TGX primarily engages in construction work, specifically residential excavation work. MMG is incorporated in and has its principal place of business in Maine. Saunders is an individual domiciled in New Hampshire and is the owner of TGX. TGX maintained a New

Hampshire Special Trade Contractors Policy with MMG which insured a 2021 Hyundai excavator, among other items.

In its application for the policy, TGX, through Saunders, represented that it conducted its business exclusively in Maine and New Hampshire and that TGX owned the excavator. Neither of those representations was true. As of the commencement of this action, TGX had conducted only one job in New Hampshire and Maine combined, while conducting several jobs in Massachusetts. Further, Giusto, not TGX, owned the excavator. In addition, unbeknownst to MMG, TGX often stored its equipment, including the excavator, in Massachusetts, which is outside of the New Hampshire policy address. If MMG had known where TGX conducted the majority of its business, where the excavator would be stored, or that Giusto and not TGX owned the excavator, it either would not have entered into the policy agreement with TGX or would have required TGX to pay a higher premium. In addition, TGX allowed non-employees to lease and use the excavator, which the policy does not permit.

On February 24, 2024, the excavator was parked in Hamilton, Massachusetts when Giusto, Saunders, and TGX either directly or indirectly deliberately burned and destroyed it. Giusto, on TGX's behalf, then filed a claim for property damage to the excavator under TGX's policy. Saunders is not pursuing a claim under the policy for payment relative to the excavator, either personally or as the owner of TGX.

## Discussion

MMG argues that coverage for the excavator is excluded and that it has the authority to void the coverage as a result of the defendants' actions. Specifically, MMG points to TGX's misrepresentations regarding the excavator, absent which MMG would not have issued the

policy or would have charged a higher premium. These misrepresentations include that TGX rather than Giusto owned the excavator, the extent of TGX's business operations in Massachusetts, and where it stored its vehicles, including the excavator. MMG also argues that TGX breached the policy agreement when it allowed non-employees to lease and utilize the excavator. Further, MMG contends that the defendants caused the excavator to be destroyed by arson, and the policy does not provide coverage for damage caused by criminal acts of an insured, or anyone else with an interest in the property, or any of their partners, members, officers, managers, or employees. Finally, MMG argues that neither Saunders nor TGX through Saunders is pursuing a claim for payment under the insurance policy for the excavator.

Preliminarily, although the policy contains references to New Hampshire law, see doc. no. 20-2 at 76, 81, it does not contain a choice-of-law provision. Thus, as the court's jurisdiction is based on diversity of citizenship, New Hampshire's choice-of-law rules apply. See Klaxon Co. v. Stentor Elec. Mfg. Co., 313 U.S. 487, 496 (1947). Under those rules, "in the absence of an express choice of law validly made by the parties, the contract is to be governed, both as to validity and performance, by the law of the state with which the contract has its most significant relationship." Cecere v. Aetna Ins. Co., 145 N.H. 660, 662 (2001). "Particularly in the context of insurance contracts, [the New Hampshire Supreme Court has] found that the State which is the principal location of the insured risk bears the most significant relationship to the contract . . . ." Glowski v. Allstate Ins. Co., 134 N.H. 196, 198 (1991). Here, record evidence demonstrates that the parties contemplated that New Hampshire would be the principal location of the insured risk. Since TGX represented that it conducts its construction work exclusively in New Hampshire and Maine, and it is incorporated in New Hampshire, MMG contemplated that the excavator and other items covered by the policy would be stored and used for business in this state. See, e.g.,

New Hampshire Changes (endorsement modifying the policy), doc. no. 20-2 at 75. As such, New Hampshire law applies to the policy.[1]

Insurance policy interpretation is a question of law, and the court construes terms based on how a "reasonable person in the position of the insured based upon more than a casual reading of the policy as a whole" would interpret the terms. Santos v. Metropolitan Prop. & Cas. Ins. Co., 171 N.H. 682, 686 (2019). However, "where the terms are clear and unambiguous, [the court] accord[s] the language its natural and ordinary meaning." Webster v. Acadia Ins. Co., 156 N.H. 317, 320 (2007).

## I. Coverage Is Excluded And MMG Has Authority To Void Coverage

The insurance policy provides that "[MMG] do[es] not provide coverage to one or more insureds who, at any time: 1. Intentionally concealed or misrepresented a material fact; 2. Engaged in fraudulent conduct; or 3. Made a false statement; relating to this insurance." Doc. no. 20-2 at 77. It further provides that MMG "will not pay for loss or damage caused by . . . [d]ishonest and criminal acts by you, anyone else with an interest in the property, or any of your or their partners, 'members', officers, 'managers', employees (including temporary or leased employees), directors . . . whether acting alone or in collusion with each other or with any other party." Id. at 42. Property that has been "loaned, rented, or leased to others" is also not covered by the policy. Id. at 107. Finally, the policy provides that it "is void in any case of fraud by you as it relates to this policy at any time. It is also void if you or any other insured, at any time, intentionally conceals or misrepresents a material fact concerning: 1. This policy; 2. The

[1] The court notes that the outcome of MMG's summary judgment motion would be the same if the court applied Massachusetts or Maine law.

Covered Property; 3. Your interest in the Covered Property; or 4. A claim under this policy." Id. at 73.

The pertinent policy terms are clear and unambiguous. If an insured, relating to the policy, conceals or misrepresents a material fact, makes a false statement, or engages in fraud, MMG will not provide coverage. And all of these but making a false statement will also void the policy. An insurer's right to cancel an insurance policy, voiding coverage, may arise from "the terms of the contract itself." Cambridge Mut. Fire Ins. Co. v. Peerless Ins. Co. 152 N.H. 498, 501 (2005) (quoting L.R. Russ & T.F. Segalla, Couch on Insurance 3d § 30:1 (1997)).

Given the undisputed facts, summary judgment is appropriate as to MMG's claim that Saunders is precluded from seeking coverage under the policy and that MMG is permitted to void the policy. The record demonstrates that TGX allowed non-employees to lease and use the excavator. Moreover, Saunders's statement on the policy application that the excavator belonged to TGX, and not Giusto, was a false statement. The policy provides terms that allow the insurer, MMG, to exclude coverage for the excavator as a result of these violations. Saunders also misrepresented the location of TGX's business and where TGX stored its equipment, which were facts material to TGX's decision to issue the policy. Pursuant to the policy, MMG may void any and all coverage under the policy when an insured intentionally conceals or misrepresents a material fact. Thus, MMG can exclude coverage and void the policy pursuant to the policy's unambiguous terms.

The policy further states that MMG will not pay for loss or damaged caused by a crime of the insured or any of its directors, and it is undisputed in the record that all defendants partook in

arson in connection with the excavator, which is a crime.[2] It follows that MMG is under no obligation to pay for the damage to the excavator.

Thus, for the purposes of MMG's motion for summary judgment as to Saunders: (1) the defendants' actions have excluded coverage for the excavator under the policy, and (2) MMG is entitled to void any and all coverage under the policy.

## II. Saunders Is Not Pursuing A Claim Under The Policy

Given the admissions and uncontested facts, Saunders is not pursuing a claim under the policy on his or TGX's behalf. Therefore, MMG is entitled to summary judgment to that effect.

## Conclusion

For the foregoing reasons, MMG's motion for summary judgment (doc. no. 20) is granted as to Saunders and is otherwise denied as moot without prejudice. As default has been entered against TGX and Giusto, MMG may file motions for default judgment to the extent that it seeks relief against those defendants.

SO ORDERED

Samantha D. Elliott
United States District Judge

September 28, 2026
cc: Counsel of Record
Gregg Saunders, pro se

[2] Even setting aside the unanswered requests for admission and the failure to respond to the averments in the motion for summary judgment, the record would show that there is no dispute that the excavator was destroyed by arson. In the motion to dismiss that Saunders attempted to file on behalf of TGX, he represented that the excavator was "destroyed through CRIMINAL ARSON." Doc. no. 18 at 1.